**SO ORDERED.**

**SIGNED this 1 day of April, 2014.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

| | |
|---|---|
| CARLTON R. DAVIS, | CHAPTER 13 |
| SUBRENA E. DAVIS, | CASE NO. 13-02267-8-RDD |
| DEBTORS | |

**ORDER DENYING MOTION FOR RELIEF FROM
STAY AND ADEQUATE PROTECTION**

Pending before the Court is the Motion for Relief from Stay or Adequate Protection (the "Motion") filed by Green Tree Servicing, LLC ("Green Tree") on February 5, 2014, and the Response to Motion for Relief from Stay (the "Response") filed by Carlton R. Davis and Subrena E. Davis (the "Debtors") on February 24, 2014. The Court conducted a hearing on March 25, 2014, in Greenville, North Carolina to consider the Motion and the Response.

The Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on April 8, 2013. An Order Continuing Stay in Effect and Setting Hearing for March 25, 2014, was entered on February 25, 2014.

At the hearing on March 25, 2014, Counsel for Green Tree represented that Green Tree holds an Adjustable Rate Note executed by the Debtors on May 17, 2000 (the "Note"). The Note is secured by a deed of trust on the Debtors' residence, which is a lot and a manufactured home described as

a 2000 Palm Harbor 28' x 66' mobile home. Counsel for Green Tree represented that the Debtors' monthly payments on the subject real estate and mobile home were being paid through the Debtors' Chapter 13 plan. Counsel for Green Tree further represented that, as of March 24, 2014, the Debtors are delinquent on their plan payments in the amount of $3,938.00. Therefore, Counsel for Green Tree argues, the Trustee has no funds to pay Green Tree and Green Tree does not have adequate protection.

The Debtors and Debtors' Counsel appeared at the hearing. The female Debtor testified that Green Tree sent the Debtors's Counsel four letters for the Debtors.

The first letter was sent on February 1, 2014, four days before the Motion was filed. The first letter provides, in pertinent part:

> [t]here is help available if your client is having difficulty making their mortgage loan payments . . . we will work with your client in an effort to make their mortgage payment affordable . . . [w]e will first determine if your client is eligible based on their situation . . . we need your client to submit an Initial Package consisting of a Request for Mortgage Assistance form, an IRS Form 4506T-EZ or Form 4506-T, and documentary evidence of all income.

The first letter further provided that some of the options available to the Debtors may include: reinstatement, repayment plan, loan modification, short sale, deed-in-lieu of foreclosure, deed-for-lease program, or forbearance.

The female Debtor testified that, upon receiving the first letter, she called Green Tree on the phone and answered some questions. The representative from Green Tree told the female Debtor that the Debtors were eligible for a review of their loan.

The second letter was also sent on February 1, 2014, and was virtually identical to the first letter.

The third letter was sent on February 20, 2014. The third letter said that Green Tree has

>recently received your client's application for a loss mitigation option . . . [a]t this time Green Tree has determined that your client's application is incomplete . . . [w]e will complete an initial evaluation for loss mitigation option once all required information has been received and will then respond to your client's request within 30 days.

The female Debtor testified that the Debtors did not send in their paper application until the week of March 17, 2014, and that the only contact she had with Green Tree was the phone conversation upon receiving the first letter, dated February 1, 2014.

The fourth letter was sent on March 3, 2014. The third letter from Green Tree said that "we have reviewed the information your client provided and have determined that they are ineligible for the program for the following reasons: Your client's property is a second or vacation home." The female Debtor testified, again, that the only information she provided Green Tree was during the phone conversation upon receiving the first letter, dated February 1, 2014.

The female Debtor testified that the first three letters gave the Debtors hope that Green Tree may help the Debtors with their loan payments and that the fourth letter was obviously incorrect because the Debtors have never had a vacation or second home.

The Debtors' Counsel argued that Green Tree has not acted in good faith in its denial of the Debtors' application to Green Tree for assistance because all four of the letters were sent before the Debtors mailed Green Tree their application. Four days after the first letter was sent, Green Tree filed the Motion, which contradicted the first letter. Further, the Debtors' Counsel argues that the fourth letter is absolutely incorrect because there is no evidence that the Debtors own a second or vacation home. Debtors' Counsel contends that Green Tree's "right hand doesn't know what the left hand is doing," and therefore, Green Tree has not acted in good faith in its denial of the Debtors' application. Debtors' Counsel requests that the Court deny the Motion, order Green Tree to consider the Debtors' application in good faith, and, if Green Tree denies the Debtors' application, order Green Tree to

appear in Court to present the reasons why the application was denied.

According to the United States Supreme Court, "bankruptcy courts ... are courts of equity and 'apply the principles and rules of equity jurisprudence.' " *Young v. U.S.,* 535 U.S. 43, 50 (2002) (quoting *Pepper v. Litton,* 308 U.S. 295, 305 (1939)). The equitable powers of bankruptcy courts are "available only to . . . creditors with 'clean hands.'" *In re Uwimana*, 274 F.3d 806, 810 (4th Cir. 2001) (quoting *Carolin Corp. v. Miller,* 886 F.2d 693, 698 (4th Cir.1989); *see also Doss v. Green* (*In re Green* ), 986 F.2d 145, 150 (6th Cir.1993) (explaining that "a court of equity will not relieve a party with 'unclean hands.'"). The requirement of good faith "protects the jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons available only to those debtors and **creditors** with 'clean hands.'" *Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986). (emphasis added.)

The doctrine of "unclean hands" prevents a party from obtaining equitable relief if the party has been guilty of any inequitable or wrongful conduct with respect to the transaction or subject matter of the litigation. *Worldcom, Inc. v. Boyne*, 68 F. App'x 447, 451 (4th Cir. 2003) (citing *Richards v. Musselman,* 221 Va. 181, 267 S.E.2d 164, 166 n. 1 (1980)). A showing that the party engaged in inequitable conduct does not automatically bar equitable relief. Rather, there must be "a close nexus between a party's unethical conduct and the transactions on which that party seeks relief." *In re Uwimana,* 274 F.3d 806, 810 (4th Cir.2001).

Because the bankruptcy courts are courts of equity, this Court does not consider the Motion in isolation. Rather, the context within which the Motion was filed and the reasonable expectations of the Debtors upon receiving the letters from Green Tree are relevant to the extent Green Tree acted wrongfully or inequitably.

The first and second letter sent by Green Tree on February 1, 2014, say that "[t]here is help

available if your client is having difficulty making their mortgage loan payments" and tell the Debtors that they must submit "an Initial Package consisting of a Request for Mortgage Assistance form, an IRS Form 4506T-EZ or Form 4506-T, and documentary evidence of all income" to be considered for assistance. Just four days later, on February 5, 2014, Green Tree filed the Motion.

It stands to reason that Green Tree expected the Debtors to submit the "Initial Package" and for the application to be fully considered in the four days between the offers of assistance in the first and second letters and the filing of the Motion. Therefore, Green Tree was either: (1) not offering the assistance in good faith, i.e., Green Tree never intended to consider the Debtors' application, or (2) Green Tree was acting wrongfully by sending out offers without being familiar with the facts of the case. Further, in letter three, Green Tree claims that the Debtors' application is incomplete despite never having received an application from the Debtors. Moreover, Green Tree sent the fourth letter denying the application, which the Debtors still had not sent, on the basis that the subject property is a vacation or second home. Counsel for Green Tree admitted that this must have been an error, as nothing indicates that the subject property is a vacation or second home.

This Court cannot ignore Green Tree's actions before and after filing the Motion, especially since the offers of assistance were worded in a way that gave the Debtors hope and the Debtors were cooperating with Green Tree's offers of assistance. Whether Green Tree's actions were due to its "left hand not knowing what the right hand is doing" or Green Tree was not acting in good faith, this Court will not allow such actions work to the detriment of the Debtors.

Based on the foregoing, this Court finds that Green Tree is guilty of inequitable and wrongful conduct with respect to the Motion. Further, this Court finds that there is a close nexus between Green Tree's inequitable and wrongful conduct and the subject of the Motion. Green Tree's "unclean hands" prevent Green Tree from obtaining equitable relief at this time.

Therefore, the Motion for Relief from Stay or Adequate Protection is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**